UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| GARY PEDONE and DARLENE PEDONE,<br>    Plaintiffs, | CASE NO. 2:14-cv-06935-CDJ |
| vs. | |
| TRANS UNION, LLC; EQUFIAX<br>INFORMATION SERVICES LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; and CHASE<br>HOME FINANCE, LLC;<br>    Defendants. | |

---

## JOINT RULE 26(f) REPORT

---

Plaintiffs Gary Pedone and Darlene Pedone (collectively "Plaintiffs"), Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC ("Chase"), Defendant Trans Union, LLC ("Trans Union") and Defendant Experian Information Solutions, Inc. ("Experian") conferred on June 16, 2015 and submit the following Rule 26(f) Report for this Court's consideration in advance of the initial Rule 16 Telephone Conference in the above matter scheduled for June 25, 2015 at 11:00 AM.

I.    **Discussion of Claims, Defenses and Relevant Issues**

   **Plaintiffs:**

Plaintiff brings this action for damages against Defendants Trans Union, Experian and Chase alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). Specifically, Plaintiff alleges that Trans Union and Experian were erroneously reporting derogatory Chase account with an inaccurate outstanding balance of $51,000 Plaintiff's credit reports. Plaintiffs further disputed the Chase account erroneously reporting on their credit

reports. Trans Union, Experian and Chase however, failed to conduct reasonable investigations/reinvestigations into Plaintiff's dispute and falsely verified the account as accurate in violation of FCRA sections 1681i (as to Trans Union and Experian) and 1681s-2(b) (as to Chase).  Plaintiff seeks statutory damages, actual damages in form of credit denials, harm to credit reputation, emotional distress, and punitive damages, as well as attorney's fees and costs under the mandatory fee-shifting provisions of the FCRA.

**Chase:**  At all relevant times, Chase made accurate reports concerning Plaintiffs to the respective credit reporting bureaus and has otherwise complied with the provisions of the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act.  All information Chase communicated to the respective credit reporting bureaus regarding Plaintiffs was neither inaccurate nor incomplete.  Further, at all relevant times, Chase has followed reasonable procedures to comply with the provisions of the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act and to assure maximum possible accuracy of its reporting concerning Plaintiffs.  Accordingly, any damages Plaintiffs may have sustained were not caused by Chase.

**Trans Union:**

At all times, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff.  Furthermore, Trans Union properly initiated and conducted any required investigation(s) pursuant to the FCRA.  As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**Experian:**   Defendant Experian is a consumer reporting agency as that term is defined by the FCRA.  As such, Experian compiles credit reports on individual consumers based on

information provided by third-party entities. In doing so, Experian is subject to the legal requirements set forth in the FCRA, including the obligation that it follow reasonable procedures to ensure the accuracy of the consumer reports it provides. The FCRA is not a strict liability statute, and the mere fact of an inaccuracy in a consumer's credit file does not create liability; rather, under the FCRA a consumer may only question the reasonableness of a CRA's reporting procedures. At all times, Experian maintained reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit information and conducted a reasonable reinvestigation into the accuracy of Plaintiff's credit information.

### III. Informal Disclosures

Chase, Trans Union and Experian have each served their Rule 26(a) Initial Disclosures on or before June 16, 2015. Plaintiffs will serve their Initial Disclosures by June 25, 2015.

### IV. Formal Discovery

The parties anticipate that discovery will be necessary relating to both liability and damages prior to the filing of dispositive motions, including the exchange of written discovery and responses and documents thereto and the depositions of the parties and party representative. In order to complete these discovery tasks, the parties suggest the factual discovery proceed through December 18, 2015.

The parties have agreed that any electronic discovery will be produced in hard copy, upon request. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer between themselves regarding any additional exchange or production that either party believes necessary. In the event electronic discovery becomes necessary, the parties agree to abide by this Court's default order governing electronic discovery.

V.   **Expert Witness Disclosures**

The parties do not anticipate using expert witnesses at this time. The parties suggest that expert reports be due on December 18, 2015.  The parties also suggest that if an expert is intended solely to contradict or rebut evidence on the same subject matter identified by another party, such report must be served no later than January 1, 2016.  Expert depositions must be completed by February 1, 2016.

VI.   **Early Settlement or Resolution**

Plaintiff intends to engage in informal settlement discussion in an attempt to resolve this matter in its early stages if possible.

VII.   **Trial Date**

The parties anticipate the case will be ready for trial by April 2016.

VIII.   **Other Matters**

The parties may request the Court enter a stipulated protective order if Plaintiff requests from Defendants any documents that contain confidential, proprietary, trade-secret or commercially sensitive business information.


                              Respectfully Submitted,


**FRANCIS & MAILMAN, P.C**.               **SCHUCKIT & ASSOCIATES, P.C.**

 */s/ Gregory Gorski (w/ consent)*          */s/ William M. Huse*
GREGORY GORSKI                             William M. Huse
Land Title Building, 19th Floor            Schuckit & Associates, P.C.
100 South Broad Street                     4545 Northwestern Drive
Philadelphia, PA 19110                     Zionsville, IN  46077

Attorneys for Plaintiffs                   Attorney for Defendant
Gary and Darlene Pedone                    Trans Union, LLC

| | |
|---|---|
| **PARKER IBRAHIM & BERG LLC** | **JONES DAY** |
| /s/ Fred W. Hoensch (w/ consent) | /s/ Jeffrey J. Immel (w/ consent) |
| FRED W. HOENSCH | JEFFREY J. IMMEL |
| 7 Penn Center | 500 Grant Street, Suite 4500 |
| 1635 Market Street, 11th Floor | Pittsburgh, PA 15219-2514 |
| Philadelphia, PA 19103 | (412) 391-3939 |
| (267) 908-9800 | (412) 394-7959 |
| (267) 908-9888 | |
| | MOHAMMAD A. GHIASUDDIN, Esq. |
| Attorneys for Defendant | Kaplin Stewart Meloff Reiter & Stein PC |
| JPMorgan Chase Bank, N.A., | Union Meeting Corporate Center |
| successor by merger to Chase Home | 910 Harvest Drive, P.O. Box 3037 |
| Finance, LLC | Blue Bell, PA 19442-0765 |
| | Attorneys for Defendant |
| | Experian Information Solutions, Inc. |

Dated: June 16, 2015